**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MATUS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>PREMIUM NUTRACEUTICALS, LLC, a Georgia Corporation; DOES, 1 - 20, Inclusive,<br><br>        Defendants-Appellees. | No.   16-55910<br><br>D.C. No.<br>5:15-cv-01851-DDP-DTB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 14, 2018
Pasadena, California

Before:  BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

Plaintiff Robert Matus, a California consumer, brings this class action on behalf of all purchasers of Vydox, a product manufactured and marketed by defendant Premium Nutraceuticals, LLC, a Georgia company. The district court granted defendant's motion to dismiss for lack of personal jurisdiction, finding that Premium had not expressly aimed its tortious conduct at California. Matus appeals. We have jurisdiction under 28 U.S.C. § 1291, and we review this question of law de novo.

We apply California law in conducting the personal jurisdiction analysis, Fed. R. Civ. P. 4(k)(1)(A), and California's long-arm statute is coextensive with federal due process. *Mavrix Photo*, *Inc. v. Brand Techs.*, *Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Matus must show that Premium has "certain minimum contacts" with California, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Matus does not allege that general personal jurisdiction exists over Premium, but rather focuses only on specific personal jurisdiction.

The specific personal jurisdiction inquiry is "defendant-focused," with an emphasis "on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115, 1121–22 (2014) (citation and quotation marks

2

omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 1121. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017). Where intentional torts are alleged, exercising specific personal jurisdiction is proper where (1) the defendant "purposefully direct[s] his activities toward the forum"; (2) "the claim [is] one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction[ ] comport[s] with fair play and substantial justice, *i.e.*, it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quotation marks omitted). Purposeful direction is shown where defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1069; *see Calder v. Jones*, 465 U.S. 783 (1984).

Here, Matus alleges that Premium's "intentional act" was false advertising. Premium committed that act in the state of Georgia by publishing language on its public, commercial website, for all the world to see, visit, and consider. This was a global, universal publication without any express aiming at the California market. "[W]e have made clear that maintenance of a passive website alone cannot satisfy

3

the express aiming prong." *Mavrix*, 647 F.3d at 1229 (citation and quotation marks omitted). That is, where an alleged intentional tortfeasor employs a "passive website," to establish specific personal jurisdiction as to claims relating to that website, there still needs to be "something more—conduct directly targeting the forum." *Rio Props.*, *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (quotation marks omitted). In short, Matus cannot show the "something more" to satisfy the "express aiming" requirement of the purposeful direction prong. *Id.*

As a fallback, Matus turns to the "forum-related activities" prong, which requires that the claim be one "which arises out of or relates to the defendant's forum-related activities." *Axiom*, 874 F.3d at 1068. "This requirement is satisfied if [Matus] would not have been injured 'but for' [Premium's] conduct in [California]." *Rio*, 284 F.3d at 1021 (citation omitted). In an effort to fit within this prong, Matus points to Premium's online business in California, but his claims do not "arise from" an online purchase that Matus made from Premium's website because Matus bought his Vydox from an independent online reseller, not from Premium. There is no evidence that the reseller was in California, and so no evidence that Premium sold its product to a California-based reseller. Rather, Matus's claims "arise from" only the online activities that Premium aimed at the entire world. If Premium can be haled into California merely on the basis of its

4

universally accessible website, then, under Matus's proposed rule, it can be haled into every state, and respectively, every online advertiser worldwide can be haled into California. Absent "[any]thing more," *Rio*, 284 F.3d at 1020, Matus's showing is inadequate to satisfy the Due Process Clause, and so we AFFIRM.